IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, a/k/a Freddie Mac, | : : : : | CIVIL ACTION NO. 1:17-CV-4813-TWT-JSA |
| Plaintiff, | : : | |
| v. | : : | |
| ROBERT MORGAN, | : : | **FINAL REPORT AND** |
| Defendant. | | <u>**RECOMMENDATION**</u> |

Plaintiff Federal Home Loan Mortgage Corporation filed this action on or about August 22, 2017, in the Magistrate Court of Douglas County, and Defendant Robert Morgan removed the action to this Court on November 29, 2017. *See* Notice of Removal [1]. Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The undersigned must therefore examine Defendant's Notice of Removal [1] to determine whether this Court has jurisdiction over Plaintiff's claims.

The removal of state court actions to federal court is governed by 28 U.S.C. § 1441, which provides, in relevant part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

> defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

When a state court action is removed pursuant to 28 U.S.C. § 1441, the Court must make an independent determination regarding the appropriateness of removal before it resolves any pending motions. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also University of South. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction" and remand is mandatory when a court determines that it lacks subject matter jurisdiction, notwithstanding the presence of other motions pending before the court).

The Supreme Court has held that federal courts may not "assume" the presence of subject matter jurisdiction and rule directly on the merits of an action without first finding that jurisdiction exists:

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.

*Steele Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (*quoting Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Thus, any ruling made by a federal court

that lacks subject matter jurisdiction is a nullity and either party, even the party that invoked the jurisdiction of the court, can attack jurisdiction at any time even after judgment is rendered. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951) ("To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them.").

As the party removing the action to federal court, the Defendant bears the burden of establishing federal jurisdiction over the action, and the burden is a "heavy" one. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)*; Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Lampkin v. Media General, Inc.*, 302 F.Supp.2d 1293, 1294 (M.D.Ala. 2004). Because removal is a purely statutory right, courts must strictly construe removal statutes in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-9 (1941); *Rembrant, Inc. v. Phillips Const. Co., Inc.*, 500 F.Supp. 766, 768 (S.D.Ga. 1980).

Thus, in determining whether removal is appropriate under 28 U.S.C. § 1441, federal courts must resolve all doubts against removal:

> Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (*citing Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983)). A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.

*University of South. Ala.*, 168 F.3d at 411.

In this case, the Defendant removed this action solely on the basis of federal question jurisdiction. *See* Notice of Removal [1]. The undersigned must therefore examine Defendant's Notice of Removal, along with the attached documents from the state court action, to determine whether this Court has jurisdiction over Plaintiff's claims. The undersigned has reviewed the Defendant's Notice of Removal and the documents attached thereto, and finds that Defendant has failed to establish that this Court has subject matter jurisdiction over Plaintiff's claims in this case. Therefore, this case must be remanded to the Magistrate Court of Douglas County.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil

action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

Thus, the general test for whether a cause of action arises under federal law and is therefore removable under 28 U.S.C. § 1441 requires that a court look only to the face of the plaintiff's complaint to ascertain whether a claim has been asserted under federal law. *See Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 84 (1989) ("The presence or absence of federal jurisdiction is governed by the 'well-pleaded complaint' rule."). "Under our long standing interpretation of the current statutory scheme, the question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 808 (1986) (*quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)).

Under the well-pleaded complaint rule, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by

the defendant. . . . The rule makes the plaintiff the master of the claim; he or she may

avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987) (*citing Gully v. First National Bank*, 299 U.S.

109, 112-113 (1936)). In *Franchise Tax Bd. v. Construction Laborers Vacation Trust*,

463 U.S. 1, 10 (1983), the Supreme Court reiterated the principle that removal must

be based solely upon the plaintiff's claim against the defendant:

> "Although such allegations show that very likely, in the course of the
> litigation, a question under the Constitution would arise, they do not
> show that the suit, that is, the plaintiff's original cause of action, arises
> under the Constitution." For better or worse, under the present statutory
> scheme as it has existed since 1887, a defendant may not remove a case
> to federal court unless the *plaintiff's* complaint establishes that the case
> "arises under" federal law. "[A] right or immunity created by the
> Constitution or laws of the United States must be an element, and an
> essential one, of the plaintiff's cause of action."

*Franchise Tax Bd.*, 463 U.S. at 10-11 (emphasis in original) (*quoting Louisville &*

*Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) and *Gully v. First National*

*Bank*, 299 U.S. 109, 112 (1936)); *see also In re Carter*, 618 F.2d 1093, 1100-01 (5th

Cir. 1980) (for purposes of removal on the basis of a federal question, "[t]he federal

controversy must be disclosed on the face of the complaint, unaided by the answer or

by the petition for removal.").[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Thus, removal is generally proper under 28 U.S.C. § 1441 only if the plaintiff's "well-pleaded complaint" asserts a federal cause of action against the defendant. Exceptions to the well-pleaded complaint rule include civil rights actions and actions involving a claim in an area of law that is governed by a federal statute that preempts state laws, such as the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 185 *et seq.*, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq. See* 28 U.S.C. § 1443 (cases involving civil rights claims are removable); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1975) (state court action involving common law tort and contract claims related to employee benefits may be removed under 28 U.S.C. § 1441 because federal defense under ERISA preempts state law); *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists*, 390 U.S. 557 (1968) (state court action involving a breach of contract claim arising under a collective bargaining agreement may be removed under 28 U.S.C. § 1441 because LMRA preempts state law in claims involving labor relations); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-393 (1987) (explaining the "complete pre-emption doctrine" as an exception to the well-pleaded complaint rule: "On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one

7

stating a federal claim for purposes of the well-pleaded complaint rule.'") (*quoting Metropolitan Life Ins. Co.*, 481 U.S. at 65).

In this case, although Defendant contends that Plaintiff has asserted federal claims, a review of the record reveals that Plaintiff has asserted no federal claims. Instead, the Plaintiff has filed a dispossessory action to remove Defendant as a tenant at sufferance after a foreclosure sale. *See* Notice of Removal [1] and attachments. An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law.

In Defendant's Notice of Removal, it appears that Defendant is claiming certain defenses under federal law, specifically alleging that his constitutional rights were violated. *See* Notice of Removal [1] at 6 (Defendant "complains of various systematic and premeditated deprivations of fundamental Rights guaranteed by the U.S. Constitution"). Thus, Defendant appears to be alleging that this Court has subject matter jurisdiction over this case on the basis of a federal question. The Court has reviewed the record, however, and determines that Defendant has not established federal question jurisdiction because Defendant has not identified in the Notice of Removal any federal question that Plaintiff's state court dispossessory action raises.

To the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims which invoke federal statutes, that basis of removal is also

8

improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("a defense that relies on the . . . pre-emptive effect of a federal statute . . . will not provide a basis for removal") (internal citations omitted); *see also Federal Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D.Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Furthermore, although Defendant does not allege that this Court has diversity jurisdiction, this Court also does not have diversity jurisdiction over this case. Under 28 U.S.C. § 1441, diversity between parties does not provide a basis for removal if any of the properly-joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states in the Notice of Removal and Civil Cover Sheet that he is a resident of Lithia Springs, Georgia, in Douglas County, and he does not allege citizenship in any other state. Notice of Removal [1] at 8; Civil Cover Sheet [1-2] at 1. Thus, Defendant cannot remove this case on the basis of diversity jurisdiction.

Accordingly, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Douglas County based on lack of subject matter jurisdiction.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

      **IT IS SO RECOMMENDED** this 5th day of December, 2017.

                                    _____
                                      JUSTIN S. ANAND
                                      UNITED STATES MAGISTRATE JUDGE